

The Woolworth Building
233 Broadway, Suite 2340
New York, New York 10279
TEL 212.571.0700
FAX 212.233.3801
www.serrinsfisher.com

Writer's Direct Dial: 212-571-0700 ex. 119
Writer's email: michael@serrinsfisher.com

March 14, 2016

**VIA ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Wu v. U-Tech Elevator, Inc. *et. al.*
      Case No.: 1:15-cv-05443-WFK-JO

Dear Judge Orenstein:

  We represent Plaintiff in the above-captioned matter. The parties write to respectfully request that the Court approve their revised settlement as fair and reasonable and so order the Stipulation of Dismissal that is attached as **Exhibit 1**.

1. **Background.**

  At the February 24, 2016 conference, the Court expressed concern regarding the breadth of Plaintiff's general release of claims, as well as the amount of attorneys' fees and costs. Subsequently, the parties revised their agreement, and the revised agreement is attached to this letter as **Exhibit 2**. Under the revised agreement, Plaintiff releases only his wage and hour and discrimination claims and not any other claims. In addition, under the revised agreement, our firm will receive $7,112.53 in attorneys' fees and costs, which is 33.3% of the total settlement after deducting $668.80 in costs.

2. **The Court Should Approve Plaintiff's Release.**

  Plaintiff's release is appropriate. Under the revised agreement, Plaintiff only releases his wage-and-hour and discrimination claims against Defendants. Defendants, conversely, have agreed to a full release of all potential claims against Plaintiff. Plaintiff's release of claims is proportionally tailored to his claims in this

1

lawsuit, which were wage-and-hour and discrimination claims. The parties therefore respectfully request that the Court approve Plaintiff's release. Panganiban v. Medex Diagnostic & Treatment Ctr., LLC, No. 15CIV2588AMDLB, 2016 WL 927183, at *3 (E.D.N.Y. Mar. 7, 2016) (Donnelly, J.) (approving even general release when the plaintiff's suit alleged discrimination claims along with FLSA claims).

### 3. The Court is Not Required to Review Plaintiffs' Counsel's Fees and Costs.

Neither Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) cert. denied, 136 S. Ct. 824 (2016) or the FLSA requires the Court to review counsel's fees and costs, and the Court should therefore approve the settlement without reviewing the fees and costs. As one court in this Circuit recently recognized, "[t]he purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from over-reaching by the employer." Gutierrez v. 352 E. 86th St. Rest. Inc., No. 15 CIV. 2064 (HBP), 2016 WL 750940, at *1 (S.D.N.Y. Feb. 19, 2016). The FLSA does not "regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney." Id. Accordingly, the FLSA does not require the Court to review Plaintiffs' counsel's firm's fees to ensure that they are fair and reasonable.

Even if the Court typically reviews the attorneys' fees and costs portion of FLSA settlements, in this context there is less reason to do so because Plaintiff has received complete relief under the FLSA. Typically, in a FLSA settlement, after deducting attorneys' fees and costs, the plaintiff receives less than his full entitlement under the FLSA. Where the plaintiff receives less than full relief under the FLSA, some courts review fees to ensure that "the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (internal quotations omitted) (citing Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110, 110 (S.D.N.Y. 1997)). For example, in Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 174 (S.D.N.Y. 2015) after fees and costs were deducted the plaintiffs were to only "receive $16,500 from the proposed settlement, or approximately 33.7 percent of their alleged $49,000 maximum recovery." Therefore, where the plaintiff receives less than full relief under the FLSA, courts are concerned that attorneys' fees and costs may reduce Plaintiff's share of the settlement. However, here, after fees and costs Plaintiff is receiving $12,887.47, which is 255% of his maximum FLSA damages. The Court therefore does not need to review Plaintiffs' counsel's fees and costs.

### 4. If the Court Wishes to Review the Fees and Costs, They Are Appropriate and Should be Approved.

If the Court wishes to review Plaintiffs' counsel's fees and costs, Plaintiff respectfully requests that the Court approve them as fair and reasonable, as both the hourly rates and the hours expended are reasonable.

Under the agreement, Plaintiff will receive $6,443.73 in fees, which is one-third of the settlement after deducting for fees. Courts in FLSA cases often award fees of "one-third of the total settlement amount." Run Guo Zhang v. Lin Kumo Japanese Rest. Inc., No. 13 CIV. 6667 PAE, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (citing cases). In addition, as will be explained below, Plaintiffs' lodestar is $8,507.50, and Plaintiffs' counsel is therefore receiving approximately 76% of its lodestar. The fees are therefore reasonable.

The two attorneys who worked on this case are Liane Fisher, Esq. and me. I am requesting an hourly rate of $325. I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on wage-and-hour law. I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA. Serrins Fisher LLP regularly bills my work to hourly clients at $350 an hour. Magistrate Judge Michael H. Dolinger, formerly of the Southern District of New York, awarded me $350 in a hybrid FLSA/NYLL collective and class action settlement. See, Final Order in Colon v. Major Perry Street, Corp., attached as **Exhibit 3**. Courts, including this Court, have awarded a rate of $325 to associates with similar experience. Siemieniewicz v. CAZ Contracing Corp., No. 11-CV-0704 JG JO, 2012 WL 5183375, at *15 (E.D.N.Y. Sept. 21, 2012) report and recommendation adopted as modified, No. 11-CV-0704 JG, 2012 WL 5183000 (E.D.N.Y. Oct. 18, 2012) (approving a rate of $325 for an associate with nine years of experience); Kalloo v. Unlimited Mechnical Co. of NY, 977 F. Supp. 2d 209, 212 (E.D.N.Y. 2013) (in a FLSA case, awarding $325 to an associate who had been practicing labor and employment law since 2008).

Ms. Fisher is requesting a rate of $350. Ms. Fisher is a 2005 graduate of Brooklyn Law School who began her law career working under the tutelage of an employment law practitioner of four (4) decades who is now her partner, Alan Serrins. Ms. Fisher went on to receive invaluable training and experience for more than three (3) years at Jackson Lewis LLP, a leading, national management-side employment law firm, where she defended several clients in wage and hour cases (including class and collective action litigations). Since starting her own firm in 2010, Ms. Fisher has been lead counsel on dozens of cases in state and federal court. Ms. Fisher is also a member of NELA-NY and has lectured at Fordham Law School on employment law matters. Serrins Fisher bills Ms. Fisher to hourly clients at $475 an hour. Ms. Fisher is entitled to an hourly rate of no less than $350. Fawzy v. Gendy, No. 12 CV 5580 BMC, 2013 WL 5537128, at *2 (E.D.N.Y. Oct. 6, 2013).

The hours expended are appropriate as well. Plaintiffs' counsel spent the following hours litigating this case, which are reflected in the timesheets attached as **Exhibit 4**:

| Name | Regular Hours | Regular Hourly Rate | Travel Hours | Travel Hourly Rate | Total |
|---|---|---|---|---|---|
| Michael Taubenfeld | 24.6 | $325 | 1 | $162.50 | $8,157.50 |
| Liane Fisher | 1 | $350 | n/a | n/a | $350 |
| Total | | | | | $8,507.50 |

The work performed in this case included drafting the complaint and Rule 26 Disclosures, attending two in-person conferences and one telephonic conference, drafting a tolling agreement (that ultimately was never filed), negotiating the settlement and drafting the settlement documents, and drafting the settlement approval documents. As is clear from the attached timesheets, I performed virtually all of the work on this case, with the exception of one hour that Ms. Fisher spent reviewing and editing the complaint. This division of labor helped keep fees down. The fees are therefore appropriate.

The costs are appropriate as well. As indicated in the attached list of costs, attached as **Exhibit 5**, Plaintiff's costs total $668.80 and include the filing fee, service fees, and very limited PACER costs. These costs are reasonable.

\*          \*          \*

Accordingly, the Court should approve the settlement as fair and reasonable.

Thank you for your attention to the above.

Respectfully Submitted,

--------------/s/--------------
Michael Taubenfeld (MT4640)

4